FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 3, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON RYAN EATON,

    Defendant - Appellant.

No. 22-5061
(D.C. No. 4:98-CR-00086-TCK-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **KELLY**, and **ROSSMAN**, Circuit Judges.

_____

Jason Ryan Eaton is incarcerated and moved for a reduction in his sentence

under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a modification of a sentence in

certain circumstances if a district court finds extraordinary and compelling reasons

warrant it.  The district court denied his motion, and Mr. Eaton appeals.  He argues

the district court erred by relying on a legally inapplicable sentencing guideline

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

policy statement, U.S.S.G. § 1B1.13(2), when it found Mr. Eaton is a danger to the community.

Mr. Eaton is correct that § 1B1.13(2) is not applicable to a defendant's motion for a sentence reduction. *See United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021). But the district court's error is harmless because the court's dangerousness finding was not the exclusive basis for its decision; it also denied relief because the sentencing factors from 18 U.S.C. § 3553(a) did not favor early release. We affirm the district court.

## I. Background

Mr. Eaton robbed two gas stations. He attempted to rob a third and shot a clerk. He pled guilty to two counts of using and carrying a firearm during Hobbs Act robberies in violation of 18 U.S.C. § 924(c) and one count of attempted Hobbs Act robbery. The district court sentenced him to 39 years imprisonment. Because of subsequent legislative changes to § 924(c), Mr. Eaton received a sentence fifteen years longer than he would receive today.

Mr. Eaton thus sought a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). He exhausted his administrative remedies with the Bureau of Prisons (BOP). The district court later denied his motion even though it found extraordinary and compelling reasons justified a sentence reduction.

## II.  Analysis

We review a denial of a sentence reduction request under 18 U.S.C. § 3582(c)(1)(A)(i) for an abuse of discretion.  *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).  "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013).  We review issues of statutory interpretation, such as the scope of the sentence reduction statute, de novo. *McGee*, 992 F.3d at 1041.

Section 3582(c)(1)(A) provides that a district court may grant a motion for a reduced sentence if the court concludes (1) extraordinary and compelling reasons warrant early release, (2) early release is consistent with applicable policy statements issued by the Sentencing Commission, and (3) the sentencing factors from 18 U.S.C. § 3553(a) favor release.  *Id*. at 1042–43.  District courts may deny sentence reduction motions based on any of these three requirements without addressing the others.  *Id.*; *see also United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021).

Here, Mr. Eaton argues that the district court relied on a legally inapplicable policy statement when it found he was a danger to the community.  *See* U.S.S.G. § 1B1.13(2).  That policy statement requires a court to consider whether a defendant is "a danger to the safety of any other person or to the community" when the Director of the BOP moves for a reduction.  *Id.*  But we have held that § 1B1.13(2) does not apply to a *defendant's* sentence reduction motion.  *See McGee*, 992 F.3d at 1050

3

(concluding that "the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants"). Notably, consideration of "danger to the community" comes from the policy statement, not the statute. *Compare* § 3582(c)(1)(A)(i), *with* § 1B1.13(2).

The record does not clarify whether the district court erroneously considered itself bound by the policy statement to deny relief based on dangerousness or if it merely allowed the dangerousness factor to guide its decision. *Compare McGee*, 992 F.3d at 1048 (finding "the district court erred in considering itself bound by th[e] policy statement"), *with Hald*, 8 F.4th at 938 n.4 (noting that "it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance"). On the one hand, the district court explicitly acknowledged that the policy statement was not binding on defendant-filed motions, such as Mr. Eaton's. R., Vol. I at 102. On the other hand, the district court stated that "[u]nder the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant 'is not a danger to the safety of any other person or to the community.'" R., Vol. I at 105 (quoting U.S.S.G. § 1B1.13(2)).

For the purposes of this appeal, we assume the district court considered itself bound by the policy statement to deny relief based on Mr. Eaton's dangerousness and thus erred under our holding in *McGee*, 992 F.3d at 1050. *See United States v. Wilson*, No. 20-1324, 2021 WL 4859690, at *2 (10th Cir. 2021) (unpublished) (assuming district court erred by finding policy statement binding); *United States v.*

*Carralero-Escobar*, No. 20-2093, 2021 WL 2623160, at *2 (10th Cir. 2021) (unpublished) (finding plain error when district court denied relief based on dangerousness even though it "did not expressly cite the policy statement"); *United States v. Dean*, No. 21-2082, 2022 WL 484241, at *2 (10th Cir. 2022) (unpublished) (finding error when district court concluded it was constrained by policy statement).

But nonetheless an error that does not affect a defendant's substantial rights is harmless. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). In the sentencing context, "[h]armless error is that which did not affect the district court's selection of the sentence imposed." *United States v. Kaufman*, 546 F.3d 1242, 1270 (10th Cir. 2008). Because the government benefited from the error, it must establish the error was harmless. *Id.* Here, we conclude it met its burden.

In Mr. Eaton's case, the district court denied his motion based on the § 3553(a) factors and his dangerousness. For example, the district court considered "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1); R., Vol. I at 106. It observed that "[Mr.] Eaton's offense conduct escalated, becoming significantly more violent"—during the first two robberies he used his gun to demand money but during the third "he told the victim, 'No, I'm just going to kill you right here,' and asked him if he wanted to turn around or kneel down." R., Vol. I at 106 (quoting R., Vol. I at 113).

The court then considered Mr. Eaton's "history and characteristics," including Mr. Eaton's serious juvenile offenses. 18 U.S.C. § 3553(a)(1); R., Vol. I at 105–06.

The court also considered Mr. Eaton's conduct while incarcerated and disciplinary history as it informs "the need for the sentence imposed." 18 U.S.C. § 3553(a)(2); *Pepper v. United States*, 562 U.S. 476, 491 (2011); R., Vol. I at 106–07. It noted he had not taken advantage of treatments and activities while incarcerated that would reduce his risk of recidivism and that he had obtained "many infractions, including two for assault and three for fighting with another person." R., Vol. I at 106–07.

Importantly, the district court did not deny the motion solely based on § 1B1.13(2). The district court's legal error in its consideration of § 1B1.13(2) did not affect its decision regarding Mr. Eaton's sentence length and did not affect Mr. Eaton's substantial rights. Therefore, we conclude the district court's error was harmless. *See Kaufman*, 546 F.3d at 1270.

## III. Conclusion

We affirm the district court's denial of Mr. Eaton's motion for a sentence reduction.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge